Jackie Jay JARVIS, Petitioner,

v.

The STATE of Oklahoma and Ray H. Page, Warden, Oklahoma State Penitentiary, Respondents.

No. A–13968.

Court of Criminal Appeals of Oklahoma.
July 20, 1966.

Jackie Jay Jarvis, pro se.

Charles R. Nesbitt, Atty. Gen., for respondents.

## MEMORANDUM OPINION

BUSSEY, Presiding Judge.

This is an original proceeding in which Jackie Jay Jarvis seeks his release from confinement in the State Penitentiary where he is currently incarcerated by virtue of a judgment and sentenced rendered against him in the District Court of Oklahoma County, Case No. 30464, on the 23rd day of June, 1965, fixing his punishment at eight years imprisonment.

From the record it appears that petitioner was represented by counsel of his own choice and was sentenced after entering a plea of guilty to said charge. It further appears that the trial court had jurisdiction over the person, subject matter and authority under law to pronounce the judgment and sentence imposed.

The sole basis upon which petitioner now seeks his release is his contention that at the time of his arrest he allegedly confessed to the arresting officers without having been provided counsel as required by Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964). The situation presented in Escobedo is clearly distinguishable from the instant case since in reversing that case, the Supreme Court of the United States held that the confession introduced during the trial and forming a substantial basis for said conviction, was obtained in violation of defendant's constitutional rights and was therefore improperly admitted. In the instant case it appears that the defendant was represented by counsel of his own choice, knew and understood the nature of the charge against him, and freely and voluntarily entered a plea of guilty with full knowledge of the nature and consequences of such plea.

When the defendant entered his plea of guilty, under such circumstances he waived his right to a trial by jury, admitted his guilt, and obviated the necessity of the State introducing any proof of guilt.

It thus appearing that the purported confessions were never admitted in evidence against petitioner, and could not therefore form the basis for his conviction and judgment and sentence based thereon, we are of the opinion that the writ prayed for should be, and the same is hereby denied.

NIX and BRETT, JJ., concur.